IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNION PACIFIC RAILROAD COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | 8:04CV369 |
| vs. | ) ) | ORDER |
| DeANGELO BROTHERS, INC., | ) ) ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiff's Motion for Abeyance (Filing No. 22). The plaintiff filed a brief in support of the motion (Filing No. 28). The defendant filed a brief in opposition to the motion (Filing No. 26) and a supplemental brief in opposition (Filing No. 29). As an initial matter, the defendant filed an objection (Filing No. 25) to the court holding a telephone conference until after the parties had an opportunity to brief the issues. The telephone conference was rescheduled and the objection will be denied as moot.

In this case, the plaintiff seeks indemnification from the defendant for part or all of a monetary settlement paid to a non-party. The plaintiff, the defendant's insurer, and other parties are currently involved in a similar indemnification proceeding pending in Arkansas. The plaintiff asks the court to stay these proceedings for four months, or until after the trial of the similar proceeding in the U.S. District Court of Arkansas, Texarkana Division, whichever is later. Specifically, the plaintiff requests the court stay discovery in this matter, including the mandatory disclosure date, and amend the progression order to reflect these changes. The defendant opposes any stay, or alternatively asks that initial disclosures be provided then a brief stay of specific duration be imposed.

## FACTUAL BACKGROUND

This case involves a breach of contract and indemnity claim brought by the plaintiff. The plaintiff and the defendant entered into a contract for services for a term of five years, beginning on January 1, 2000. **See** Filing No. 1 (Complaint). Pursuant to this contract, the

defendant agreed to provide "vegetation control services" to the plaintiff at public railroad crossings operated by the plaintiff. The defendant also agreed to procure insurance and list the plaintiff as an additional insured. *Id.* ¶ 11.

On August 7, 2000, in Lafayette County, Arkansas, an accident occurred at a public grade crossing operated by the plaintiff and maintained by the defendant (hereinafter the "Johnson Incident"). *Id.* ¶ 12. A Union Pacific train and a motor vehicle collided, resulting in the death of two passengers of the vehicle and severe injuries to a third passenger (Johnson). The plaintiff settled with Johnson, paying $12.5 million dollars in exchange for a complete release of liability.

However, during the Johnson Incident discovery, the plaintiff obtained evidence indicating the defendant had been negligent in maintaining the vegetation surrounding the railroad crossing where the accident occurred. The plaintiff filed the present action for breach of the agreement to perform vegetation control services in accordance with local standards. The action also seeks indemnification for some or all of the settlement figure.

After settling with Johnson, the plaintiff became involved in a related lawsuit in the U.S. District Court of Arkansas, Texarkana Division entitled ***Ohio Casualty v. Union Pacific, et al. v. Hartford Casualty, et al.*** (Case No. 02-4064). The plaintiff indicates the action is a declaratory judgment action initially filed by Ohio Casualty Insurance Company (Ohio Casualty) to address liability from the Johnson Incident. The plaintiff joined Hartford Casualty Insurance Company (Hartford) in a third party complaint but was unable to join the defendant pursuant to provisions in the contract between the parties. Hartford issued an insurance policy, which was valid at the time of the Johnson Incident, to the defendant with the plaintiff listed as an additional insured. The ***Ohio Casualty*** case is set for trial in early August. Judge Harry Barnes concluded there are issues of causation to be determined at trial including (1) the extent to which DeAngelo caused the Johnson Incident; and (2) the reasonableness of the Johnson settlement. **See** Filing No. 28, p. 50-53 (Judge Barnes' Memorandum Opinion p. 37-40).

In support of the plaintiff's motion to stay, the plaintiff argues the two parties, Hartford and the defendant, are essentially the same because Hartford is defending both cases. The

plaintiff seeks indemnity from either Hartford or DeAngelo for the $12.5 million it paid to settle the Johnson case.  Specifically, the plaintiff argues essential issues are likely to be decided at trial in the *Ohio Casualty* case, which could eliminate the need for the current litigation. In the event this litigation is still necessary, the plaintiff argues the *Ohio Casualty* decision will help to clarify the issues involved in this case. Moreover, the plaintiff alleges compliance with the current disclosure rules will be expensive and possibly unnecessary.  The plaintiff states it will have to spend great sums of money to reproduce all of the documents relevant to this case.  And because the plaintiff and Hartford have set a date for settlement negotiations, the plaintiff argues it is "prudent" to avoid further unnecessary expense and to stay these proceedings pending resolution of the *Ohio Casualty* case.

In response, the defendant argues the *Ohio Casualty* case will not resolve the issues involved in this litigation.  Specifically, the defendant alleges the two cases involve different parties with different claims.  The defendant argues discovery in this case will reveal the differences.  Moreover, the defendant claims the plaintiff will not be able to recover the full $12.5 million it seeks from Hartford, as the Hartford policy had a limit of $10 million.  The defendant states a stay will not harm the plaintiff, but it will prejudice the defendant as its insurance rates may increase pending a stay in litigation.  In addition, the defendant alleges further harm resulting from inability to conduct discovery.

On February 24, 2005, the court set the schedule for initial progression in this case. **See** Filing No. 17.  The initial progression order set deadlines for initial disclosures and amending the pleadings, as well as limits on the number of depositions and interrogatories. The court also scheduled a planning conference to be held on July 5, 2005.  **See** Filing No. 20.  During the planning conference and absent a stay, the court intends to set additional deadlines for the taking of discovery, further disclosures, the pretrial conference, and trial.

## STANDARD

Federal Rule of Civil Procedure 16(b) provides a progression order schedule shall not be modified except upon a showing of good cause.  "In demonstrating good cause, the moving party must establish that the 'scheduling deadlines cannot be met despite a party's

3

diligent efforts.'" ***Thorn v. Blue Cross & Blue Shield of Fla., Inc.***, 192 F.R.D. 308, 309 (M.D. Fla. 2000) (citations omitted) (paraphrasing Fed. R. Civ. P. 16 Advisory Committee Notes (1983 amendment)).  "If the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." ***Financial Holding Corp. v. Garnac Grain Co.***, 127 F.R.D. 165, 166 (W.D. Mo. 1989).

## DISCUSSION

The power of a district court to stay an action pending on its docket is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." ***Landis v. North Am. Co.***, 299 U.S. 248, 254 (1936); **see** ***Lockyer v. Mirant Corp.***, 398 F.3d 1098, 1109 (9th Cir. 2005) ("A district court has discretionary power to stay proceedings in its own court under ***Landis***."); ***Capitol Indem. Corp. v. Haverfield***, 218 F.3d 872, 874 (8th Cir. 2000).  A party who seeks a stay must show hardship or inequity in being forced to move forward if there is "even a fair possibility that the stay for which he prays will work damage to someone else." ***Lockyer v. Mirant Corp.***, 398 F.3d at 1109; ***Jones v. Clinton***, 72 F.3d 1354, 1364 (8th Cir. 1996) ("Traditionally, an applicant for a stay has the burden of showing specific hardship or inequity if he or she is required to go forward.").  Accordingly, the court must balance the consequences of imposing a stay on the opposing party against the consequences of proceeding on the movant.  **See** ***Jones***, 72 F.3d at 1365.

The ***Lockyer*** trial court granted a stay pending the outcome of a defendant's Chapter 11 bankruptcy proceedings in another district based on docket efficiency concerns and based on its belief that the stay was "fair and practical" for the parties.  ***Id.*** at 1100, 1105.[1]  However, the Ninth Circuit Court vacated the stay, reasoning a stay was not justified under the facts of the case simply based on a balance of hardships or by the prospect of narrowing the issues before the court because of the relief sought in the case.  ***Id.*** at 1112.  First, the ***Lockyer*** court

---

[1] The matter came within the "police or regulatory power" exception under 11 U.S.C. § 362(b)(4), and therefore the automatic bankruptcy stay did not apply.  ***Lockyer***, 398 F.3d at 1109.

4

determined the defendant failed to demonstrate great hardship in being forced to continue its defense stating, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'" *Id*. Moreover, the *Lockyer* court found the plaintiff's interests would be harmed by the stay, as he sought injunctive relief for ongoing economic harm. *Id*. at 1112.

In the instant case, the plaintiff has failed to show hardship or inequality in being forced to move forward according to schedule. Mere compliance with a discovery schedule or expenditure of resources pursuant to one's own claim is not hardship which would justify a stay of proceedings. In contrast, a "fair possibility" of harm to the defendant exists if the stay is granted as the plaintiff currently has access to information unavailable to the defendant. The defendant contends it cannot fully appreciate the extent of the prejudice it may suffer without, at a minimum, the initial mandatory disclosures due in this case, information essential to its defense in this case. Additionally, the defendant is not a party to the *Ohio Casualty* litigation and the substantive issues and burdens are different. The defendant contends a delay in this case will cause further deterioration of witness memories, some of whom were deposed by the plaintiff in connection with the *Ohio Casualty* litigation.

Finally, the court has an interest in securing the just, speedy, and inexpensive determination of every action. **See** Fed. R. Civ. P. 1. Here, the parties to the Arkansas matter and this matter are related, but not the same. This case may involve similar issues, however the Arkansas proceeding is not a "parallel" proceeding. The interest of the plaintiff to reduce the cost of discovery does not justify the burden of delay a stay may cause the defendant.

The plaintiff has failed to show a hardship or inequity by proceeding outweighs the harm to the defendant due to a stay. Accordingly, the plaintiff has failed to show good cause why the progression order deadlines should be amended. Due to the risk of harm to the defendant and the lack of reasons compelling the stay, the Court denies the motion for abeyance. Upon consideration,

**IT IS ORDERED:**

1.   The plaintiff's Motion for Abeyance (Filing No. 22) is denied.

2.	The defendant's Objection (Filing No. 25) is denied, as moot.

## ADMONITION

Pursuant to NECivR 72.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Order.  Failure to timely appeal may constitute a waiver of any objection to the Order.  The brief in support of any appeal shall be filed at the time of filing such appeal.  Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 22nd day of June, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge